

# The Attorney General of Texas

November 5, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren G. Harding
State Treasurer
P. O. Box 12608
Capitol Station
Austin, Texas 78711

Opinion No. MW-264

Re: Whether the Texas Housing Agency can appoint a custodian of its funds other than the state treasurer

Dear Mr. Harding:

You have requested our opinion as to whether the Texas Housing Agency may appoint a custodian for its reserve funds and other funds which is not the state treasurer. The Texas Housing Agency Act, V.T.C.S. article 12691-6, provides that the Texas Housing Agency may create and establish with the state treasurer a reserve fund consisting of proceeds from bond sales or other resources as additional security for the agency's bonds. Secs. 2(u), 32. Section 32 of the act provides in considerable detail how such a reserve fund should be constituted and managed.

However, we believe the establishment of the reserve fund with the treasurer is a permissive and not a mandatory act of the agency. Section 32(a) states that "[t]here _may_ be created and established by the agency," with the state treasurer, the Texas Housing Agency Reserve Fund. (Emphasis added). The term "may" generally connotes a permissive function. District Grand Lodge No. 25 Grand United Order of Odd Fellows v. Jones, 160 S.W. 2d 915 (Tex. 1942). Tide Water Oil Co. v. Ross, 123 S.W. 2d 479 (Tex. Civ. App. – Galveston 1938), aff'd, 145 S.W. 2d 1089 (Tex. 1941). Moreover, section 32(g) of article 12691-6 states as follows:

> Notwithstanding the foregoing provisions of this section, the agency may or may not, at its option, create or fund the reserve fund and may issue its bonds which are not secured by the reserve fund, or any account therein, but which may be secured by any other or separate reserve fund or account to be kept at any place, or secured in any other manner provided in the agency's bond resolutions. (Emphasis added).

We believe it is clear from this provision that the establishment of the reserve fund with the treasurer is optional with the agency. The agency may establish such a fund at any place or secure it in any other manner provided by its statute and included in its bond resolutions.

The agency is also empowered to select a depository for its revenues and funds, other than appropriated funds, after taking bids to secure the most favorable interest rate. V.T.C.S. art. 12691-6, §19. We note that other agencies have been given authority to deposit funds outside the State Treasury. See V.T.C.S. art. 6674v, §§13,14 (Texas Turnpike Authority); Letter Advisory No. 132 (1977).

In our opinion, the Texas Housing Agency has the option of utilizing the state treasury as a depository for funds other than appropriated funds under both its enabling legislation and general law relating to selection of depositories of state agencies, V.T.C.S. article 2529c, section 2. However, the agency is not required to use the state treasury for such funds.

## S U M M A R Y

The Texas Housing Agency is not required to create a reserve fund in the state treasury to secure its bonds, but may create a reserve fund to be kept elsewhere. The agency may deposit its non-appropriated funds in a depository other than the state treasury.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison & Susan Voss
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Bill Campbell
Rick Gilpin
Susan Voss